IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE O. DANIELS,            ) | |
|                                                         ) | |
|           **Plaintiff,**                         ) | |
|                                                         ) | |
| vs.                                                  ) | CIVIL NO. 09-cv-375-JPG |
|                                                         ) | |
| CITY OF ALTON POLICE DEPT., et al.,  ) | |
|                                                         ) | |
|           **Defendants.**                    ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lawrence Daniels brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Although currently held in the Southeast Correctional Center in Charleston, Missouri, Daniels filed this action over conditions at the Alton, Illinois, police facility where he was held at some point in time under federal custody. The statement of claim is very brief in this action. Daniels states, in generalized terms, that at Alton the medical facilities were inadequate, he did not have access to legal materials, he was apparently subjected to a disciplinary proceeding that he believes was unfair, and both food and recreational opportunities were insufficient. For these deficiencies, he seeks $500,000 in damages.

As stated above, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 590 U.S. at 570. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Such is the case here. The brief factual allegations are so sketchy that Defendants could not possibly present an appropriate response. Daniels does not state when or how long he was in custody at Alton. More importantly, he does not allege that he suffered any harm of any sort as the result of any of these alleged deficiencies. Thus, he has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Daniels is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: December 11, 2009.**

　　　　　　　　　　　　　　　　　　　　 **s/ J. Phil Gilbert**
　　　　　　　　　　　　　　　　　　　　 **U. S. District Judge**